**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

OUSMANE SY,
Petitioner,
v.
JEREMY CASEY,
Respondents.

Case No.: 26-cv-4693-BJC-JLB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

Pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2241 filed by Petitioner Ousmane Sy. ECF No. 1. Petitioner, a citizen of Mauritania, entered the United States on December 5, 2023, and was arrested by Border Patrol agents at that time. Petitioner was released to allow him to apply for asylum. Petitioner has attended all his immigration hearings and check-in appointments. He has no criminal history.

On October 3, 2026, Petitioner went to his scheduled immigration court hearing in New York, where ICE agents arrested him as he was leaving without any notice or explanation. Petitioner was transferred to Otay Mesa Detention Center, where his removal proceedings continued. On December 12, 2025, an immigration judge determined

Petitioner was inadmissible to the United States under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). The immigration judge denied Petitioner's applications for relief and protection, and ordered Petitioner removed to Mauritania. On January 9, 2026, Petitioner appealed the decision to the Board of Immigration Appeals (BIA), and the appeal remains pending.

No pre-deprivation hearing was held prior to Petitioner's re-detention, and he has not been given a bond hearing. Petitioner requests that the Court assume jurisdiction over the matter, grant the petition, and order Petitioner's immediate release from custody.

## I. LEGAL STANDARD

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

## II. DISCUSSION

Petitioner contends his detention violates the Administrative Procedures Act (APA) and Due Process Clause of the Fifth Amendment. In response, Respondents do not address Petitioner's APA or Due Process claims, but instead state that Petitioner is entitled to a bond hearing under section 1226(a). ECF No. 11. According to Respondents, the immigration court scheduled a bond hearing for Petitioner, but it had been continued multiple times as of the date of the Response. *Id.* at 2. Because Petitioner has a bond hearing scheduled, Respondents contend the petition is moot. *Id.*

As of today's date, no bond hearing has been held, and Petitioner remains in custody. ECF No. 14. Prior to termination of his parole, Petitioner was entitled to due process, including written notice, the reasons for the termination, and an opportunity to contest the determination. *Noori v. LaRose*, No. 25-CV-1824-GPC-MSB, 2025 WL 2800149, at *11

(S.D. Cal. Oct. 1, 2025). Petitioner contends, and Respondents do not dispute, that Petitioner was provided no individualized determination, and no opportunity to be heard before he was detained. Accordingly, the Court finds Petitioner's revocation of parole and detention violates his Due Process rights.

## III. CONCLUSION AND ORDER

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: November 16, 2026

Honorable Benjamin J. Cheeks
United States District Judge